UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| ROBERT L. BREWSTER, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:04-479-JMH |
| v. | ) |
| BRIAN T. GOETTL, individually and in his official capacity as Jessamine County Attorney, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

**   **   **   **   **

This matter is before the Court on Steven F. Brewster's motion to enter as third party defendant [Record No. 10]. Defendant Brian T. Goettl has responded [Record No. 11], and the time for reply has expired. This matter is now ripe for review.

Although not titled as such, it appears that via the instant motion, Steven F. Brewster ("Brewster") — Plaintiff Robert L. Brewster's brother — attempts to intervene in the instant cause of action under Federal Rule of Civil Procedure 24. Rule 24(a), governing intervention as of right, states in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*Id.*  Rule 24(b) provides for permissive intervention under the

following circumstances:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

*Id.*

The Court finds that intervention in this case is neither required nor permissive. Plaintiff's cause of action alleges Fourth Amendment violations arising out of a Fayette County Sheriff's arrest of Plaintiff in October of 2003, which allegedly followed from Brewster filing a complaint against Plaintiff. However, the mere fact that the factual background of the instant cause of action relates in some way to Brewster does not yield the conclusion that intervention is necessary or even permissible. Brewster has not identified any specific interest in the instant litigation that may be impaired absent intervention. Additionally, he has not identified any statute that confers upon him a conditional or unconditional right to intervene.

Finally, in the instant motion, Brewster has not identified any claim or defense that shares questions of law or fact with the main action. Rather, Brewster's motion may only be described as a recitation of ways in which Brewster disagrees with Plaintiff's claims or the facts from which Plaintiff's claims arise. Under those circumstances, intervention is inappropriate.

Accordingly, **IT IS ORDERED**:

(1) that Brewster's motion to enter as third party defendant [Record No. 10] be, and the same hereby is, **DENIED;** and

(2) that the Clerk's prior entry of Brewster as third party defendant in this matter **SHALL BE TERMINATED**.

This the 28th day of April, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge