UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| ROBERT L. BREWSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:04-479-JMH |
| v. | ) |
| | ) |
| BRIAN T. GOETTL, individually | ) **MEMORANDUM OPINION AND ORDER** |
| and in his official capacity | ) |
| as Jessamine County Attorney, | ) |
| | ) |
| Defendant. | ) |

** ** ** ** **

This matter is before the Court on Defendant Brian T. Goettl's motion to dismiss [Record No. 12]. The Court notes that Plaintiff Robert L. Brewster has not filed a response to the instant motion. Because the deadline for such response has expired, this matter is now ripe for review.

**BACKGROUND**

Defendant Brian T. Goettl ("Defendant") serves as the Jessamine County Attorney and served in that capacity at all times relevant to the instant case. On or about August 27, 2003, Steven Brewster ("Brewster") filed a sworn criminal complaint against his brother — Plaintiff Robert L. Brewster ("Plaintiff") — with the Jessamine County Attorney's office alleging that Plaintiff entered Brewster's home without permission and stole certain items valued at more than $3,000.00.

Brewster, along with Plaintiff, was one of four beneficiaries of the estate of Jeanne B. Masengale. Plaintiff's complaint

alleges that Brewster originally was named executor of the Masengale estate but that the probate judge presiding over the case discovered that Brewster was dissipating the assets and was, in fact, mentally incapable of administering the estate according to the law. Accordingly, Plaintiff in this matter replaced Brewster as executor of the Masengale estate.

Plaintiff's complaint further alleges that, after Plaintiff replaced Brewster as executor, Brewster began filing numerous *pro se* lawsuits, criminal charges, and judicial complaints against various individuals involved in the probate case. The pleadings and complaints were "bizarre and rambling" such that they "immediately alert[ed] the reader to the serious mental health issues of [Brewster]." (Pl.'s Compl. at 2.) The complaint further alleges that Jessamine County officials, including the judiciary and law enforcement, were fully aware of Brewster's litigiousness and bizarre allegations.

Nonetheless, Defendant forwarded the criminal complaint that Brewster filed against Plaintiff to the Jessamine District Court with a recommendation for the court to issue a summons. Jessamine District Judge Bill Oliver instead reviewed the complaint and issued a warrant for Plaintiff, charging Plaintiff with first degree burglary. Plaintiff was subsequently arrested in Fayette County, Kentucky. Ultimately, however, the charge against Plaintiff was dismissed with prejudice.

Plaintiff filed suit against Defendant on October 22, 2004, pursuant to 28 U.S.C. § 1983 alleging violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution. Defendant now moves to dismiss Plaintiff's claim.

### STANDARD OF REVIEW

Dismissal of a claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is not proper 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2004)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A district court analyzing a 12(b)(6) motion must accept as true the "facts set forth in the complaint . . . so long as they are well pleaded." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 671 (6th Cir. 2003). Moreover, "[w]hile the standard for dismissal of a claim is 'quite liberal,' 'more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.'" *Fidel*, 392 F.3d at 226 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### DISCUSSION

In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court recognized the applicability of the prosecutorial immunity defense in actions brought pursuant to § 1983. Recognizing that "[i]f a prosecutor had only a qualified immunity,

the threat of [§] 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution," the Court concluded that "the same absolute immunity . . . that the prosecutor enjoys at common law" should be available to prosecutors defending § 1983 actions.  *Id.* at 424, 427.  In *Imbler*, the Court determined that the defense would apply to conduct that was "intimately associated with the judicial phase of the criminal process."  *Id.* at 430.

The Supreme Court later refined the parameters of the absolute prosecutorial immunity defense in *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  The Court clarified that "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor."  *Id.* at 273.  Rather, "the *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful."  *Id.* at 271.  Acts that are protected by the prosecutorial immunity defense are those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  *Id.* at 273.  Such protected acts, for example, include the following: the "drafting of the certification," the "determination that the evidence was sufficiently strong to justify a probable-cause finding," the "decision to file charges," and the "presentation of the information and the motion to the court."  *Kalina v. Fletcher*,

4

522 U.S. 118, 130 (1997). Moreover, the Sixth Circuit has held specifically that "[a] prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity." *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997).

These cases make clear that Defendant's conduct in this case was protected by absolute prosecutorial immunity. Defendant's decision to forward a criminal complaint to the Jessamine County District Court with a recommendation for the issuance of a summons is "intimately associated with the judicial phase of the criminal process" and, as such, is exactly the type of conduct that the absolute prosecutorial immunity protects. *Imbler*, 424 U.S. at 430. Accordingly, Plaintiff's claim against Defendant is without merit.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) that Defendant's motion to dismiss [Record No. 12] be, and the same hereby is, **GRANTED**; and

(2) that Plaintiff's complaint be, and the same hereby is, **DISMISSED WITH PREJUDICE**.

This the 19th day of May, 2005.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**